■ Norman R. Shadduck, as Chairman of the Broome County Legislature, Respondent, v Joseph D. Ciotoli et al., Appellants.—Appeal (1) from an order of the Supreme Court at Special Term, entered October 30, 1979 in Broome County, which granted plaintiff's motion for summary judgment and denied defendants' cross motion for summary judgment, and (2) from the judgment entered thereon. The underlying facts are not in dispute. Pursuant to section 310 of the Broome County Charter, on March 30, 1979 the Broome County Executive, defendant Donald McManus, filed with the Broome County Clerk and clerk of the county legislature an appointment of defendant Joseph D. Ciotoli as Broome County Personnel Officer. Subsequently, at the legislature's meeting on April 3, 1979 there was introduced a resolution to confirm the Ciotoli appointment, and pursuant to rule 26 of the legislature's rules of order, it was then "held over" until the April 17, 1979 meeting. At this later meeting the legislators voted nine in favor of and nine opposed to the subject resolution with one legislator, Carl Young, absent, and the meeting was recessed until May 1, 1979. Upon the legislature's reconvening on May 1, 1979, its chairman, plaintiff Norman R. Shadduck, permitted Legislator Young to record his vote against the Ciotoli appointment with the result that the resolution was defeated, and a challenge to the chairman's ruling allowing Young to vote likewise failed by a vote of 12 to 6. The recessed April 17, 1979 meeting was then adjourned, and shortly thereafter the May 1, 1979 meeting of the legislature was convened. With these circumstances prevailing, plaintiff advised the county comptroller, defendant Edgar C. Plummer, that the appointment of Ciotoli had been rejected. Accordingly, Plummer refused to approve and certify salary payments to Ciotoli, but the county commissioner of finance, defendant W. Michael McCue, nonetheless continued to disburse the payments to Ciotoli. In response plaintiff instituted the present action for a declaratory judgment and injunctive relief and moved for summary judgment, and defendants cross-moved for summary judgment dismissing the complaint. Ultimately, Special Term granted plaintiff's motion, and in so ruling, it declared that Legislator Young's decisive vote on May 1, 1979 was validly cast and, consequently, that Ciotoli's appointment was validly rejected. It further enjoined Ciotoli from acting as county personnel officer, Plummer from approving and certifying any future payroll for the salary and compen-

sation of Ciotoli as county personnel officer and McCue from disbursing any county funds as salary or compensation to Ciotoli as county personnel officer. Defendants now appeal. We hold that the order and judgment of Special Term should be modified. The instant controversy centers upon section 310 of the Broome County Charter which relates to appointments by the county executive and wherein it is provided: "In the event that the County Legislature has neither confirmed nor rejected by majority of the whole number of members of the County Legislature an appointment by the next regular meeting occurring more than fifteen (15) days after the filing of appointment with the Clerk of the County Legislature, such appointment shall be deemed to be confirmed." A fair reading of this charter provision compels the conclusion that it was plainly intended to expedite legislative action upon executive appointments and thereby encourage a more orderly and effective functioning of the county government by placing a limitation upon the time in which an executive appointment could be rejected by the county legislature. Clearly, the legislature is given ample time under section 310 to consider and vote upon appointments, i.e., 15 days plus the time thereafter until the next regular meeting of the legislature, and since it has apparently met since its inception on the first and third Tuesdays of each month, there will generally be two regular meetings subsequent to each appointment at which the legislature can act to confirm or reject the appointment. Under these circumstances, we hold that the vote of Legislator Young against the Ciotoli appointment on May 1, 1979 was not validly cast and that the subject appointment was deemed confirmed under section 310 of the charter when the legislature failed either to confirm or reject the appointment by a majority of the whole number of its members at its meeting on April 17, 1979. For us to rule otherwise here and permit the legislature to recess its April 17, 1979 meeting and extend its time for action upon the appointment to May 1, 1979 would only frustrate the obvious intent of section 310 to require legislative action at the first meeting of the legislature more than 15 days after the filing of an appointment. Moreover, it would also at least implicitly approve and condone possible future unjustifiable and interminable delays in the appointive process occasioned by the legislature continually recessing its meetings without taking final action upon appointments previously filed by the county executive. Such a result would neither be conducive to good governmental operation, nor would it foster prompt legislative action on appointments within a reasonable time as envisioned with the adoption of section 310. In so holding, we would lastly agree with Special Term that the expression "regular meeting" when used in an organization's by-laws, rules or resolutions can at times refer to a legislative session including a series of connected meetings (see Robert's Rules of Order, pp 70, 71, 79). However, in this instance we are concerned with a county charter which defines the substantive powers of the various branches of a county government and not merely the internal procedures and operating rules of a legislative body, and, consequently, our ultimate decision must be governed by what we find to be the intent of the framers of that charter. That being so, we conclude with regard to section 310 that time is of the essence and that the section must be construed so as to avoid legislative delays in the appointive process beyond the first meeting of the legislature for the ordinary conduct of its business which occurs more than 15 days after the filing of the appointment in question. Order and judgment modified, on the law, by deleting the decretal paragraphs and substituting therefor a provision declaring that the vote of Legislator Young against the Ciotoli appointment on May 1, 1979

was not validly cast and that Ciotoli's appointment was deemed confirmed under section 310 of the Broome County Charter when the Broome County Legislature failed either to confirm or reject the appointment by a majority vote of the whole number of its members at its meeting on April 17, 1979, and, as so modified, affirmed, with costs to defendants. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.