OPINION OF THE COURT
Order affirmed, with costs, for reasons stated in the memorandum at the Appellate Division (76 AD2d 1000) to which we add only that the dissent’s reading of the charter provision ignores the words “by the next regular meeting occurring more than fifteen (15) days after the *772 filing” (emphasis supplied), which impose a limitation of time as well as type of session.
Concur: Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer. Chief Judge Cooke dissents and votes to reverse in a separate opinion in which Judge Gabrielli concurs.
Chief Judge Cooke (dissenting). The ultimate issue in this case is whether the Broome County Legislature properly and timely exercised its power, under the county charter, to reject an executive appointment. Because of the interpretation accorded the term “regular meeting” by the majority, I must dissent.
On March 30, 1979, the County Executive appointed Joseph Ciotoli to be Broome County Personnel Officer. At a regular meeting of the county legislature on April 17, 1979, a vote on a resolution to confirm the appointment was tied, 9 to 9, with one legislator absent.* The meeting was recessed until May 1, 1979. On May 1, the chair permitted the absent legislator, Carl Young, to record his vote against confirmation, and' declared the resolution defeated. A challenge was made to the chair’s decision to allow Young to vote and was defeated, 12 to 6. The chair notified the county comptroller that the appointment had been rejected, and the comptroller refused to certify salary payments to Ciotoli. Nonetheless, the commissioner of finance continued to pay Ciotoli’s salary. The chairman of the legislature then instituted this action for declaratory and injunctive relief.
The Appellate Division held that, pursuant to section 310 of the Broome County Charter, when the legislature failed to reject the appointment on April 17, 1979, the appointment was deemed confirmed. A majority of this court now affirms on that reasoning.
Section 310 of the County Charter provides: “In the event that the County Legislature has neither confirmed nor rejected by majority of the whole number of members of *773 the County Legislature an appointment by the next regular meeting occurring more than fifteen (15) days after the filing of appointment with the Clerk of the County Legislature, such appointment shall be deemed confirmed.” Under this provision, there is no doubt that if the county legislature desires to reject an executive appointment, it must do so at the next regular meeting held more than 15 days after the appointment is filed. In this case, the April 17 meeting met this requirement. However, at the meeting, the county legislature did not merely fail to reject the appointment; it also recessed the meeting to another day and time, May 1.
It is a universally accepted principle that, when a legislature recesses or adjourns a regular meeting to a particular date, the later meeting is but a continuation of the regular meeting and “all municipal action taken * * * [during the continuation] is as valid as if taken on the first” day of the regular meeting (62 CJS Municipal Corporations, § 394; e.g., Collins v Sauer, 89 NJL 139; Del Greco v Mayor of Revere, 1 Mass App 135; City of Picayune v Mississippi Power Co., 197 F2d 444). Thus, under this rule, the May 1 meeting was the legal equivalent and part and parcel of the April 17 meeting. It follows that the appointment was indeed rejected at the next regular meeting held more than 15 days after it was filed and thus was not deemed confirmed pursuant to section 310.
For unexplained reasons, a majority of this court now holds that the appointment was not properly rejected on May 1. Either the court is rejecting the accepted rule that the May 1 meeting was a continuation and part of the earlier regular meeting or the court is adding a gloss to section 310 of the charter and requiring the county legislature to reject the appointment only at the first session or on the first day of its regular meeting. To me, either line of reasoning is unacceptable.
No authority cited by the parties holds that the county legislature is precluded from deferring consideration of items of business by adjourning a regular meeting to a later date, in the absence of some constitutional or other restriction. Indeed, to refuse to allow such adjournments unduly hamstrings the county legislature with no commensurate gain and represents unwarranted judicial inter *774 ference with the legislative process. Quite simply, if the organic document under which the county legislature operates has not prevented that body from adjourning its meetings to another date, it is improper and a violation of the fundamental notion of separation of powers for a court to do so.
Nor can the charter provision at issue be read to prohibit the county legislature from adjourning consideration of an executive appointment. The charter requires only that the appointment be taken up at the next regular meeting held more than 15 days after its filing. It does not provide that the regular meeting may not be recessed to another time and it does not state that the appointment must be disposed of on the first day or at the first session of the meeting. Nor must the affairs of a regular meeting be concluded by midnight on the first day for which it is called. To add to the charter such requirements merely to insure speedy legislative consideration of appointments — as the Appellate Division reasoned — is unjustifiable. Had the drafters of the charter, who must be presumed to possess knowledge of the existing legislative power to adjourn meetings, intended that result it is obvious that they would have expressly provided for it. Moreover, given that the county legislature establishes the dates of its own regular meetings, the majority decision cannot possibly insure prompt consideration of appointments; the county legislature can avoid considering any particular appointment for a time by failing to hold a regular meeting. Not only does this confirm the legislature’s ultimate control of the timing of the confirmation process — subject to the express limits of the charter — but it also demonstrates the futility of attempting to impose a restriction on the county legislature that is not in accord with parliamentary law or the county charter.
For these reasons, I would give effect to the charter provision as it is written and hold that the county legislature properly rejected the Ciotoli appointment. The order of the Appellate Division should be reversed and the judgment of the Supreme Court reinstated.
Order affirmed, etc.

 Although the minutes of the meeting state that the resolution to confirm the appointment “lo.st”, this entry is not attributed to the chair or any other official. Inasmuch as section 310 of the county charter requires a majority of the whole legislature (10 votes) to reject or confirm an appointment, I do not contend that the appointment was rejected on April 17. Of course, had the resolution to confirm the appointment actually failed on April 17, there would be no need to consider the events of May 1.